IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
BROADVOICE, INC.,                    05 11008 MLW
                                     :
                    Plaintiff        :   MAGISTRATE JUDGE Alexander
                                     :
       v.                            :   CIVIL ACTION NO. _____
                                     :
                                     :   RECEIPT # 64329
BROADVOX, LLC,                       :   AMOUNT $ 250
BROADVOX HOLDINGS, LLC,              :   SUMMONS ISSUED Yes
BROADVOX DISTRIBUTION, LLC, and      :   LOCAL RULE 4.1
BROADVOX CORPORATION                 :   COMPLAINT
                                     :   WAIVER FORM
                                     :   MCF ISSUED
                    Defendants       :   BY DPTY. CLK. [illegible]
                                     :   DATE 5-17-05
```

Plaintiff Broadvoice, Inc. ("Broadvoice" or "Plaintiff"), for its complaint against Defendants Broadvox, LLC, Broadvox Holdings, LLC, Broadvox Distribution, LLC, and Broadvox Corporation, (collectively "Broadvox" or "Defendants"), states as follows:

**INTRODUCTION**

1.  Broadvoice brings this action against Defendants for trademark infringement, false designation of origin, unfair competition, violation of Massachusetts General Laws chapters 93A and 110B. As described more fully below, Defendants have violated Broadvoice's intellectual property rights by unlawfully adopting and using a service mark which is confusingly similar to a trademark owned by Broadvoice, for use in connection with highly similar services. Broadvoice has been using its BROADVOICE mark since at least as early as May, 2003 for Voice over Internet Protocol ("VoIP") communication services marketed to consumers. Defendants entered into a similar market no earlier than March 2004.

## PARTIES

2. Plaintiff Broadvoice, Inc., is a Delaware corporation with its principal place of business located at 900 Chelmsford Street, Tower 3, Lowell, MA 01851.

3. On information and belief, Defendant Broadvox Holdings, LLC is a Delaware limited liability company with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

4. On information and belief, Defendant Broadvox, LLC is a Delaware limited liability company with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

5. On information and belief, Defendant Broadvox Distribution, LLC is an Ohio limited liability company with its principal place of business located at 15551 Neo Parkway, Garfield Heights, Ohio 44128.

6. On information and belief, Defendant Broadvox Corporation is an Ohio corporation with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

## JURISDICTION AND VENUE

7. This case arises under the trademark laws of the United States, The Lanham Act, 15 U.S.C. § 1051 et seq. The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a).

8. In addition, jurisdiction is further based upon 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

9. Broadvoice's state law unfair competition and trademark claims are joined with a substantial and related claim under the trademark laws of the United States, and, thus, the Court also has jurisdiction over that claim pursuant to 28 U.S.C. § 1338(b).

10. The Court possesses personal jurisdiction over the Defendants by virtue of the fact that Defendants have entered into contracts with businesses located within the Commonwealth and conduct business within the Commonwealth.

11. A substantial part of the events giving rise to the claims described herein has occurred, and Broadvoice's principal place of business is located in, this District. Venue is thus proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

12. Broadvoice offers enhanced information and communication services; namely, the electronic transmission of voice, facsimile, data, video and information, to consumers, under the service mark BROADVOICE. The service offers consumers Voice over Internet Protocol ("VoIP") communication services enabling them to use an existing high-speed internet connection to make and receive calls, and to enjoy other internet based communication services.

13. BROADVOICE services are marketed and sold directly to the individual consumers who are the end-users of Broadvoice's services.

14. Broadvoice is the owner of United States trademark application serial number 78/630621, for the mark BROADVOICE for "enhanced information and communication services; namely, the electronic transmission of voice, facsimile, data, video and information."

15. Broadvoice is the owner of a registered Massachusetts service mark, namely the mark BROADVOICE, for "enhanced information and communication services; namely, the electronic transmission of voice, facsimile, data, video and information."

16. Moreover, Broadvoice owns extensive common-law rights to the BROADVOICE mark, which it has used continuously in connection with its services since at least as early as May, 2003. Broadvoice's use of the BROADVOICE mark has extended throughout the United States and into foreign countries.

17. Recently Broadvoice learned that Defendants had adopted and begun using the marks BROADVOX and BROADVOX DIRECT in connection with services which are directly competitive with Broadvoice's services, and that Defendants' services are targeted toward the same class of prospective purchasers as those solicited by Broadvoice.

18. Defendants' introduction of their consumer based VoIP services began in the Spring of 2004, long after Broadvoice had begun extensive marketing and promotional activities throughout the United States, and after Broadvoice's launch of its BROADVOICE brand consumer based VoIP services.

19. Upon information and belief, Defendants launched their consumer VoIP services no earlier than March 2004, solely in the cities of Chicago, Cleveland, and Detroit.

20. Broadvoice has filed a Petition to Cancel U.S. Trademark Registration Number 2,940,100 for the mark BROADVOX used in connection with "internet telephony services." U.S. Trademark Registration Number 2,940,100 is owned by Defendant Broadvox, LLC.

21. Upon information and belief, Defendant Broadvox, LLC, first used the mark BROADVOX in interstate commerce in connection with the services at issue long after Defendant Broadvox, LLC's alleged first use in commerce date of August 29, 2001, as asserted in its U.S. Trademark Application.

22. Defendant's conduct will continue to create an extremely high likelihood of confusion among those consumers encountering the BROADVOX mark. Defendant's conduct

has harmed and will continue to harm Broadvoice's reputation and goodwill, and has caused the loss of sales and profits Broadvoice would have made but for Defendant's illegal acts.

## COUNT ONE
### (Trademark Infringement and False Designation of Origin Under the Lanham Act, 15 U.S.C. § 1125(a))

23. The allegations set forth in paragraphs 1 through 22 are incorporated by reference.

24. Continuously, and since at least as early as May, 2003, Broadvoice has owned the service mark BROADVOICE.

25. Continuously, and since at least as early as May, 2003, Broadvoice has used the service mark BROADVOICE to identify its services and to distinguish them from those offered by others.

26. Broadvoice has prominently displayed its mark BROADVOICE in connection with its services on its website, in marketing and promotional materials, on company vehicles, and on materials and communications sent to its customers. Broadvoice's BROADVOICE mark is displayed in conjunction with the services at issue here.

27. As a result of this lengthy and geographically widespread use, Broadvoice has developed extensive common law rights in its BROADVOICE service mark.

28. As noted above, the service mark BROADVOICE is the subject of a pending application for registration at the U.S. Patent and Trademark Office for use by Broadvoice in connection with "enhanced information and communication services; namely, the electronic transmission of voice, facsimile, data, video, and information."

29. Defendants have infringed Broadvoice's BROADVOICE mark in interstate commerce by selling and offering for sale services highly similar to those offered for sale by Broadvoice, all while using the BROADVOX mark to promote such services. The use of this

mark by Defendants is without permission or authorization of Broadvoice. Use of the service mark by Defendants is likely to cause consumer confusion, mistake, and deception, as evidenced by:

    (i)    the nearly identical nature of Broadvoice's protected BROADVOICE mark and Defendants' infringing mark;

    (ii)    the highly similar nature of Broadvoice's VoIP services and Defendants' services;

    (iii)    the strength of Broadvoice's common-law and statutory rights to its mark BROADVOICE;

    (iv)    the fact that Defendants market their services to an identical group of consumers as Broadvoice;

    (v)    the fact that Defendants advertise their services through the same channels as Broadvoice; and

    (vi)    the fact that an extremely high likelihood of confusion exists.

30. Defendants' acts of trademark infringement and false designation of origin have been committed with the intent to cause confusion and mistake, and to deceive.

31. Broadvoice displays its BROADVOICE mark with a symbol giving notice of Broadvoice's proprietary rights in the mark.

32. Defendants have infringed on Broadvoice's BROADVOICE mark as alleged herein with the intent to deceive the public into believing the services sold by Defendants are provided by, approved by, sponsored by or affiliated with Broadvoice.

### COUNT TWO
### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))

33. The allegations set forth in paragraphs 1 though 22 are incorporated by reference.

34. Defendants' conduct in using its infringing mark is likely to cause confusion and mistake.

35. Defendants' acts of trademark infringement and false designation of origin have been committed willfully with the intent to cause confusion and mistake, and to deceive.

36. Defendants have unfairly competed with Broadvoice as alleged herein with the intent to deceive the public into believing the goods and services offered by Defendants are provided by, approved by, sponsored by or affiliated with Broadvoice.

### COUNT THREE
### (Violation of Massachusetts Unfair Competition Law, Mass. G.L. c. 93A)

37. The allegations set forth in paragraphs 1 through 22 are incorporated by reference.

38. At all relevant times, Broadvoice and Defendants have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts, and Defendants' actions constituting unfair competition have taken place in the Commonwealth of Massachusetts.

39. By its conduct as set forth above, Defendants have willfully or knowingly engaged in unfair and deceptive acts and practices in violation of G.L. c. 93A, §§ 2 and 11.

40. Defendants have unfairly competed with Broadvoice as alleged herein with the intent to deceive the public into believing the services sold and offered for sale by Defendants are provided by, approved by, sponsored by or affiliated with Broadvoice.

41. As a result, Broadvoice has suffered harm and damages, including a loss of money or property, for which Defendants are liable.

### COUNT FOUR
### (Violation of Massachusetts Trademark Law, Mass. G.L. c. 110B, § 11)

42. The allegations set forth in paragraphs 1 through 22 are incorporated by reference.

43. Defendants have used without consent of Broadvoice, a mark which is likely to cause confusion with Broadvoice's registered Massachusetts service mark.

44. As a result, Broadvoice has suffered harm and damages, including a loss of money or property, for which Defendants are liable.

WHEREFORE, Broadvoice respectfully requests that this Court enter judgment in its favor and against Defendants on all Counts, granting Broadvoice the following forms of relief:

(1) That Broadvoice's rights in its service mark BROADVOICE be adjudged valid and willfully infringed by Defendants.

(2) That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. §1125(a) by using a false designation.

(3) That this Court issue an order directing the U.S. Commissioner for Trademarks to cancel or amend Defendants' U.S. Registration Number 2,904,100 as this court sees fit, per 15 U.S.C. §1119.

(4) That Defendant, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined from

(a) directly or indirectly using the term BROADVOX, or any other mark, word, device, domain name or name similar to Broadvoice's BROADVOICE mark which is likely to cause confusion or mistake or to deceive;

(b) offering services for sale, license, or otherwise, to third parties in conjunction with the BROADVOX service mark or any confusingly similar mark;

(c) unfairly competing with Broadvoice in any manner whatsoever; and

(d) causing a likelihood of confusion or injuries to Broadvoice's business reputation and goodwill.

- 9 -

(5) That Defendants be directed to file with this Court and serve on Broadvoice within thirty (30) days after the service of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

(6) an order directing Defendants to destroy all existing materials bearing the mark BROADVOX or any similar mark, word or name.

(7) an order directing Defendants to transfer their registrations for the domain names <www.broadvox.net>, <www.broadvoxdirect.com> and any additional confusingly similar domain names, to Broadvoice.

(8) damages, including Defendants' profits and the actual damages suffered by Broadvoice as a result of Defendants' acts of infringement and unfair competition.

(9) treble damages on Broadvoice's claims under the Lanham Act and the Massachusetts unfair competition statute.

(10) attorneys' fees on Broadvoice's claims under the Lanham Act and the Massachusetts unfair competition statute.

(11) punitive damages on Broadvoice's state common law claim.

(12) interest.

(13) costs.

(14) such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

PLAINTIFF
**Broadvoice, Inc.**

By its Attorney:

*/s/ Lucy D. Lovrien*
Lucy D. Lovrien
BBO No. 555042
Ten Winthrop Square
Boston, MA 02110
(617) 423-4050

Dated:   May 17, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Broadvoice, Inc. v. Broadvox, LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

    05 11008 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [✓]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]    NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Lucy D. Lovrien__
ADDRESS __10 Winthrop Square, Boston, MA 02110__
TELEPHONE NO. __617-423-4050__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Broadvoice, Inc.

## DEFENDANTS
Broadvox, LLC, Broadvox Holdings, LLC, Broadvox Distribution, LLC, Broadvox Corporation

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lucy D. Lovrien, 10 Winthrop Sq., Boston, MA 02110

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC § 1051 et seq.
Brief description of cause:
Trademark infringement and unfair competition.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/17/05
SIGNATURE OF ATTORNEY OF RECORD: Lucy D L[signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____