UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADVOICE, INC., | ) |
|     Plaintiff / Counterclaim Defendant, | ) ) ) ) Civil Action No. 05-11008-MLW |
| v. | ) ) |
| BROADVOX LLC, BROADVOX HOLDINGS LLC, BROADVOX DISTRIBUTION LLC and, BROADVOX CORPORATION. | ) ) ) ) |
|     Defendants / Counterclaimant. | ) ) |

**JOINT STATEMENT FOR SCHEDULING CONFERENCE**

Pursuant to the Notice of Scheduling Conference dated March 29, 2006 and in accordance with Local Rule 16.1, Plaintiff / Counterclaim Defendant BroadVoice, Inc. ("Broadvoice") and Defendant / Counterclaimants Broadvox, LLC, Broadvox Holdings, LLC, Broadvox Distribution, LLC and Broadvox Corporation (collectively, "Broadvox") submit the following Joint Statement in connection with the Scheduling Conference set for May 24, 2006.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

This case involves competing claims for trademark infringement over the parties' use of the service marks "BROADVOICE" and "BROADVOX." Both BroadVoice and Broadvox are engaged in providing Internet telephony services using Voice over Internet Protocol (VoIP) technology. Both BroadVoice and Broadvox have claimed that simultaneous use of the marks in commerce is likely to cause consumer confusion. Both BroadVoice and Broadvox claim to have rights in the marks superior to the rights of the other.

On April 18, 2005, Broadvox caused a cease and desist letter to be sent to BroadVoice demanding that BroadVoice cease and desist from any infringement of the BROADVOX® service mark and from any further use of the mark "BROADVOICE," which Broadvox contends is an infringement of its registered service mark.

On May 17, 2005, BroadVoice filed this action against Broadvox alleging claims for trademark infringement, false designation of origin, unfair competition and related claims. On May 26, 2005, BroadVoice filed a Petition for Cancellation with the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("PTO") seeking to cancel the federal trademark registration issued to Broadvox for the mark "BROADVOX." On August 4, 2005, pursuant to a motion filed by Broadvox, the TTAB stayed action on the Petition for Cancellation pending the outcome of this litigation.

On July 11, 2005, Broadvox filed its Answer and Counterclaims, alleging claims for trademark infringement, false designation of origin, unfair competition and related claims. On August 18, 2005, BroadVoice filed its Answer to Counterclaims.

The Court issued its Notice of Scheduling Conference on March 29, 2006. The Parties, by and through their counsel, conferred on April 13, 2006 to discuss and prepare this Joint Statement. The Scheduling Conference is scheduled for May 24, 2006 at 4:00 p.m.

## II.  PROPOSED AGENDA FOR SCHEDULING CONFERENCE

The Parties propose that the following matters be addressed at the Case Management Conference:

    A. The discovery plan as proposed in Section III below

    B. The pre-trial schedule as proposed in Section IV below

    C. Scheduling a preliminary injunction hearing requested by Broadvox (to which BroadVoice objects)

2

D. The potential of a phased approach to discovery in connection with dispositive issues in the case and/or Broadvox's request for a preliminary injunction hearing (to which BroadVoice objects)

## III. PROPOSED DISCOVERY PLAN

After conferring, the Parties propose the following plan of discovery:

E. The parties stipulate that initial disclosures required pursuant to Fed. R. Civ. P. 26(a)(1) shall be made by May 26, 2006.

F. The Parties have discussed the basic discovery that will be sought in the case. Formal discovery may be commenced after the Scheduling Conference on May 24, 2006.

G. No more than 30 Interrogatories shall be served by any party, unless deemed necessary and agreed to in writing by the Parties, or unless otherwise approved by the Court.

H. There shall be no limit on Requests for Production of Documents or Requests for Admissions. The Parties reserve all rights to object on grounds of relevance, undue burden, oppression, and/or any other basis that is proper under the Federal Rules of Civil Procedure.

I. No Party shall take more than 10 non-party fact witness depositions, excluding expert witnesses.

The Parties anticipate that they will need discovery on the issues and subjects set forth in the pleadings, and that fact discovery will take approximately four months to complete. Both Parties believe that the case turns on the determination of the threshold issue of which party owns superior rights in the BROADVOICE and "BROADVOX" marks; Broadvox believes that this is a narrow issue on which discovery can and should be completed on an expedited basis within no more than 60 days, whereas BroadVoice believes that the issue is sufficiently complex that the Parties will require the full four-month discovery period and a normal briefing schedule.

The Parties believe that six months will be necessary to complete expert discovery. Further detail about the proposed schedule is set forth in Section IV below.

## IV. PROPOSED PRETRIAL SCHEDULE

After conferring, the Parties have agreed on the following proposed pre-trial schedule, which is submitted for the Court's consideration.

| | |
|---|---|
| Initial Disclosures | May 26, 2006 |
| Completion of Fact Discovery | September 29, 2006 |
| Plaintiff's Rule 26(b) Expert Disclosures | October 30, 2006 |
| Defendants' Rule 26(b) Expert Disclosures | November 29, 2006 |
| Completion of Expert Discovery | January 29, 2007 |
| Filing of *Daubert* Motions | February 28, 2007 |
| Filing of Motions for Summary Judgment | 45 days from decision on *Daubert* motions |
| Final Pretrial Conference | To be determined by the Court |
| Trial | To be determined by the Court |

Broadvox, however, seeks a preliminary injunction and requests a more expedited schedule as it relates to its request for injunctive relief. Broadvox proposes the following schedule for purposes of preliminary injunction proceedings (to which BroadVoice objects):

| | |
|---|---|
| Completion of Fact Discovery for Purposes of Preliminary Injunction Proceedings | July 21, 2006 |
| Filing of Preliminary Injunction Motion And Supporting Memoranda, Affidavits, Depositions, And Other Evidence | August 4, 2006 |
| Memoranda, Affidavits, Depositions, And Other Evidence in Opposition to Preliminary Injunction Motions | August 21, 2006 |
| Reply Memoranda in Support of Preliminary Injunction Motions | August 28, 2006 |

V.  **TRIAL BY MAGISTRATE**

  The Parties do not agree to consent to trial by Magistrate Judge.

VI.  **CERTIFICATIONS**

  The Parties' Certifications per Local Rule 16.1(D)(3) will be filed separately.

Respectfully submitted,

| BROADVOICE, INC. | BROADVOX LLC, BROADVOX HOLDINGS LLC, BROADVOX DISTRIBUTION LLC, and BROADVOX CORPORATION. |
|---|---|
| by its attorneys, | |
| | by their attorneys, |
| */s/ Sean Ploen* | |
| Sean Ploen | */s/ Heather L. Carlton* |
| (BBO# 641279) | Michael P. Boudett |
| Boston Law Group, LLP | Heather L. Carlton |
| 20 Park Plaza, Suite 637 | Foley Hoag LLP |
| Boston, Massachusetts 02116 | 155 Seaport Boulevard |
| Tel:  (617) 426-6809 | Boston, Massachusetts 02210 |
| sploen@bostonlawgroup.com | Tel:  (617) 832-1000 |
| | mboudett@foleyhoag.com |
| | hcarlton@foleyhoag.com |
| */s/ Lucy Lovrien* | */s/ Robert E. Chudakoff* |
| Lucy D. Lovrien | Robert E. Chudakoff |
| (BBO# 555042) | (Ohio Bar #0038594, admitted *pro hac vice*) |
| 10 Winthrop Square | Ulmer & Berne LLP |
| Boston, Massachusetts 02110 | Skylight Office Tower |
| Tel:  (617) 423-4050 | 1660 West 2nd Street – Suite 1100 |
| lovrien@wn.net | Cleveland, Ohio  44113-1448 |
| | Tel: (216) 583-7000 |
| | Fax: (216) 583-7001 |
| | rchudakoff@ulmer.cm |

Dated: May 22, 2006

**CERTIFICATE OF SERVICE**

    I, Heather L. Carlton, hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record for plaintiff this 22nd day of May 2006.


                                             */s/ Heather L. Carlton*
                                             Heather L. Carlton