**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **BROADVOICE, INC.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION 05-11008 (MLW)** |
| | : | |
| **BROADVOX, LLC,** | : | |
| **BROADVOX HOLDINGS, LLC,** | : | |
| **BROADVOX DISTRIBUTION, LLC,** | : | |
| **BROADVOX CORPORATION, INC.** | : | **FIRST AMENDED COMPLAINT** |
| | : | |
| **Defendants** | : | |

_____

      Plaintiff BroadVoice, Inc. ("BroadVoice" or "Plaintiff"), for its First Amended Complaint against Defendants Broadvox, LLC, Broadvox Holdings, LLC, Broadvox Distribution, LLC, and Broadvox Corporation, Inc. (collectively "Broadvox" or "Defendants"), states as follows:

<u>**INTRODUCTION**</u>

      1.     BroadVoice brings this amended action against Defendants for trademark infringement, false designation of origin, unfair competition, and violation of Massachusetts General Laws chapter 93A.  As described more fully below, Defendants have violated BroadVoice's intellectual property rights by unlawfully adopting and using a trademark which is confusingly similar to a trademark licensed by BroadVoice for use in connection with highly-similar services.  BroadVoice has been using the BROADVOICE mark since at least as early as May, 2003 for Internet telephony services marketed to consumers.  Defendants entered into a similar market no earlier than March, 2004.  Since the filing of its initial complaint, BroadVoice also has entered into a trademark license agreement with a third party under which BroadVoice's

rights to the BROADVOICE trademark have been significantly strengthened and are clearly superior to those of Broadvox.

## PARTIES

2.      Plaintiff BroadVoice, Inc., is a Delaware corporation with its principal place of business located in Billerica, Massachusetts.

3.      On information and belief, Defendant Broadvox Holdings, LLC is a Delaware limited liability company with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

4.      On information and belief, Defendant Broadvox, LLC is a Delaware limited liability company with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

5.      On information and belief, Defendant Broadvox Distribution, LLC is an Ohio limited liability company with its principal place of business located at 15551 Neo Parkway, Garfield Heights, Ohio 44128.

6.      On information and belief, Defendant Broadvox Corporation is an Ohio corporation with its principal place of business located at 1228 Euclid Ave., Suite 390, Cleveland, Ohio 44115.

## JURISDICTION AND VENUE

7.      This case arises under the trademark laws of the United States, namely, the Lanham Act, 15 U.S.C. § 1051 et seq.  The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a).

8.      In addition, jurisdiction is further based upon 28 U.S.C. § 1332(a), because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

9.      BroadVoice's state law unfair competition claim is joined with a substantial and related claim under the trademark laws of the United States, and thus, the Court also has jurisdiction over that claim pursuant to 28 U.S.C. § 1338(b).

10.     The Court possesses personal jurisdiction over the Defendants by virtue of the fact that Defendants have entered into contracts with businesses located within the Commonwealth and conduct business within the Commonwealth.

11.     A substantial part of the events giving rise to the claims described herein has occurred, and BroadVoice's principal place of business is located within, this District.  Venue is thus proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

12.     BroadVoice offers Internet telephony services under the service mark BROADVOICE.  The BroadVoice services offer consumers Voice over Internet Protocol ("VoIP") communication service, enabling them to use an Internet connection to make and receive calls and to enjoy other Internet-based communication services.

13.     BroadVoice's BROADVOICE services are marketed and sold directly to the individual consumers who are the end-users of such services.

14.     At the time of the filing of the initial Complaint in this matter, BroadVoice owned a portfolio of state, federal and international trademark applications and registrations for the mark BROADVOICE; those applications and registrations, along with BroadVoice's common law trademark rights in the BROADVOICE mark, formed the basis for that initial Complaint.

15.     At the time of the filing of the initial Complaint in May, 2005, BroadVoice also was engaged in litigation in California with a third party, Broadcom Corporation ("Broadcom") of Irvine, California, in order to determine which party possessed superior rights to the trademark BROADVOICE when used in connection with Internet telephony services.  The parties resolved

their dispute on May 2, 2006, when Broadcom agreed to license its rights in the BROADVOICE trademark to BroadVoice. The parties entered into a written trademark license agreement that same day, and the California litigation subsequently was dismissed with prejudice by agreement of the parties.

16.    The Broadcom-BroadVoice trademark license agreement grants BroadVoice the exclusive right to use the BROADVOICE trademark in connection with Internet telephony services using VoIP; it also imposes upon BroadVoice an obligation to uphold the validity of the BROADVOICE trademark, in part by pursuing infringers in the licensed field.

17.    In filing this First Amended Complaint, BroadVoice relies upon certain statutory trademark rights owned by BroadVoice's licensor, Broadcom. Upon information and belief, Broadcom owns multiple U.S. and international trademark applications and registrations for the mark BROADVOICE, including United States trademark registration number 2,913,502 for the mark BROADVOICE for use in connection with "computer hardware; integrated circuits; and software for controlling and using integrated circuits," and U.S. trademark application number 78/445,446 for the mark BROADVOICE for use in connection with "computer software for Voice over Internet Protocol (VoIP) technology; software allowing Internet users to use the Internet as a telephone; voice compression hardware and software."

18.    In filing this First Amended Complaint, BroadVoice also relies upon certain common-law trademark rights owned by its licensor, Broadcom. Upon information and belief, Broadcom owns extensive common-law rights to the BROADVOICE trademark, which it has used continuously throughout the United States since at least as early as October, 2002. Broadcom's common-law rights also include those common-law trademark rights formerly owned by BroadVoice which arose out of BroadVoice's continuous use of the BROADVOICE

trademark throughout the United States since at least as early as May, 2003; these former BroadVoice rights were merged with those of Broadcom as a result of the parties' entry into their trademark license agreement.

19.     Upon information and belief, Broadcom's effective date of first use of the BROADVOICE trademark is August 14, 2001, the date on which it filed the U.S. trademark application that ultimately resulted in the granting of registration number 2,913,502.

20.     As Broadcom's exclusive licensee for use of the BROADVOICE trademark, BroadVoice is entitled to assert Broadcom's effective date of first use of the mark as being BroadVoice's own effective date of first use.

21.     In the spring of 2005, BroadVoice learned that Defendants had adopted and had begun using the marks BROADVOX and BROADVOX DIRECT in connection with services directly competitive with those of BroadVoice, and that Defendants' services also were targeted toward the same class of prospective purchasers as those solicited by BroadVoice.

22.     In their July 11, 2005 Joint Answer, Counterclaim and Jury Demand, the Defendants stated that the trademarks BROADVOX and BROADVOICE "are essentially identical, are both used in connection with Internet telephony services, and are likely to cause confusion in the marketplace." Answer, ¶ 22.

23.     Defendants also stated in their Joint Answer, Counterclaim and Jury Demand that Broadvox did not use the BROADVOX trademark in commerce any earlier than August 29, 2001. Answer, ¶ 18. Thus, BroadVoice, by virtue of the rights it received in the trademark license from Broadcom, is the senior user of the mark.

24.     Upon information and belief, Defendant Broadvox, LLC, in fact actually first used the mark BROADVOX in commerce in connection with "Internet telephony services" long after August 29, 2001.

25.     BroadVoice also has filed with the Trademark Trial and Appeal Board ("TTAB") a Petition to Cancel U.S. trademark registration number 2,940,100 for the mark BROADVOX used in connection with "Internet telephony services."  Upon information and belief, U.S. trademark registration number 2,940,100 is owned by Defendant Broadvox, LLC.  The TTAB has stayed consideration of that Petition pending the outcome of the instant proceeding.

26.     Defendants' conduct continues to create an extremely strong likelihood of confusion among those consumers encountering Defendants' BROADVOX mark.  Defendants' conduct has harmed and will continue to harm BroadVoice's business reputation and goodwill, and has caused the loss of sales and profits BroadVoice would have enjoyed but for Defendants' illegal acts.


## COUNT ONE
## Trademark Infringement (15 U.S.C. § 1114(1))

27.     The allegations set forth in paragraphs 1 through 26 are incorporated by reference.

28.     The actions of Broadvox as alleged above are willful and constitute trademark infringement in violation of the Lanham Act, including without limitation 15 U.S.C. § 1114(1).

29.     Continuously, and since at least as early as May, 2003, BroadVoice has used the service mark BROADVOICE to identify its services and to distinguish them from those offered by others.

30.    BroadVoice has prominently displayed the mark BROADVOICE in connection with its services on its Web site, in marketing and promotional materials, on company vehicles, and on materials and communications sent to its customers.

31.    BroadVoice is the exclusive licensee of Broadcom for use of the BROADVOICE trademark in connection with Internet telephony services using VoIP.  Broadcom owns multiple U.S. and international trademark applications and registrations for the mark BROADVOICE (including U.S. registration no. 2,913,502), as well as extensive common law rights arising out of its use and BroadVoice's use of that mark, both of which have been lengthy and geographically widespread.

32.    Defendants have infringed BroadVoice's rights as the exclusive licensee of Broadcom's BROADVOICE trademark for use in connection with Internet telephony services, and Defendants have acted with the intent to deceive the public into believing that the services sold by Defendants are provided by, approved by, sponsored by or affiliated with BroadVoice.. Defendants are selling and offering for sale in interstate commerce services highly similar to those offered for sale by BroadVoice, all while using the confusingly-similar BROADVOX mark to promote such services.  The use of this mark by Defendants is without permission or authorization of BroadVoice or its licensor, Broadcom.  Use of the BROADVOX service mark by Defendants is likely to cause consumer confusion, mistake, and deception as to the source, origin or authenticity of such services.

33.    BroadVoice has suffered harm from Defendants' activities, including irreparable damage to its goodwill and business reputation, as well as lost sales and profits.  Thus, BroadVoice is entitled to injunctive relief, as well as recovery of its losses and damages along

with any profits received by Defendants as a result of their wrongful actions, in addition to the costs of this action.

## COUNT TWO
### False Designation of Origin, False Description, False Representation (15 U.S.C. § 1125(a))

34.    The allegations set forth in paragraphs 1 though 26 are incorporated by reference.

35.    Defendants' conduct constitutes false designation of origin, false description, and/or false representation that their VoIP services, which are being offered under the confusingly-similar BROADVOX mark, originate from, are associated or connected with, or are authorized by BroadVoice, all of which constitute violations of the Lanham Act, 15 U.S.C. §1125(a).

36.    Defendants' acts of trademark infringement and false designation of origin have been committed willfully with the intent to cause confusion and mistake, and to deceive, and Defendants' actions are likely to cause consumer confusion, mistake, and deception as to the source, origin or authenticity of such services.

37.    Defendants have unfairly competed with BroadVoice as alleged herein with the intent to deceive the public into believing the goods and services offered by Defendants are provided by, approved by, sponsored by or affiliated with BroadVoice.

38.    BroadVoice has suffered harm from Defendants' activities, including irreparable damage to its goodwill and business reputation for which it cannot be fully compensated by any monetary award.  Unless this Court acts to enjoin Defendants, such damage will continue. BroadVoice also is entitled to recover its losses and damages, along with any profits received by Defendants as a result of their wrongful actions, in addition to the cost of this action.

## COUNT THREE
### Violation of Massachusetts Unfair Competition Law (Mass. G.L. c. 93A)

39.    The allegations set forth in paragraphs 1 through 26 are incorporated by reference.

40.     At all relevant times, BroadVoice and Defendants have been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts, and Defendants' actions constituting unfair competition and unfair and deceptive practices have taken place in the Commonwealth of Massachusetts.

41.     By its conduct as set forth above, Defendants have willfully or knowingly engaged in unfair and deceptive acts and practices in violation of G.L. c. 93A, §§ 2 and 11.

42.     Defendants have unfairly competed with BroadVoice as alleged herein with the intent to deceive the public into believing the services sold and offered for sale by Defendants are provided by, approved by, sponsored by or affiliated with BroadVoice.

43.     As a result, BroadVoice has suffered harm and damages, including a loss of money or property, for which Defendants are liable.  BroadVoice has no sufficient remedy at law because money damages alone would not adequately compensate BroadVoice for the harm it has suffered, and, unless this Court acts to enjoin Defendants, will continue to suffer.

WHEREFORE, BroadVoice respectfully requests that this Court enter judgment in its favor and against Defendants on all Counts, granting BroadVoice the following forms of relief:

(1)     That BroadVoice's licensed rights in the service mark BROADVOICE be adjudged valid and willfully infringed by Defendants in violation of 15 U.S.C. §1114.

(2)     That Defendants be adjudged to have willfully violated the provisions of 15 U.S.C. §1125(a) by using a false designation of origin.

(3)     That this Court issue an order directing the U.S. Commissioner for Trademarks to cancel or amend Defendants' U.S. trademark registration number 2,904,100, as this Court sees fit, per 15 U.S.C. §1119.

(4)      That Defendants, their agents, servants, employees and attorneys, and all

those persons in active concert or participation with them, be forthwith

preliminarily and thereafter permanently enjoined from:

(a) directly or indirectly using the term BROADVOX, or any other mark,

word, device, domain name or name similar to BROADVOICE which is

likely to cause confusion or mistake or to deceive;

(b) offering services for sale, license, or otherwise, to third parties in

conjunction with the BROADVOX service mark or any confusingly similar

mark;

(c) unfairly competing with BroadVoice in any manner whatsoever; and

(d) causing a likelihood of confusion or injuries to BroadVoice's business

reputation and goodwill.

(5)      That Defendants be directed to file with this Court and serve on BroadVoice

within thirty (30) days after the service of the injunction a report in writing, under

oath, setting forth in detail the manner and form in which Defendants have

complied with the injunction.

(6)      An order directing Defendants to destroy all existing materials bearing the mark

BROADVOX or any similar mark, word or name.

(7)      An order directing Defendants to transfer their registrations for the domain names

<www.broadvox.net>, <www.broadvoxdirect.com> and any additional

confusingly similar domain names, to BroadVoice.

(8)    Damages, including Defendants' profits and the actual damages suffered by BroadVoice as a result of Defendants' acts of infringement and unfair competition.

(9)    Treble damages on BroadVoice's claims under the Lanham Act and the Massachusetts unfair competition statute.

(10)   Attorneys' fees on BroadVoice's claims under the Lanham Act and the Massachusetts unfair competition statute.

(11)   Punitive damages on BroadVoice's state common law claim.

(12)   Interest.

(13)   Costs.

(14)   Such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

PLAINTIFF
**BROADVOICE, INC.**

By its Attorneys:

DATE: February 2, 2007

/s/ Sean Ploen
BOSTON LAW GROUP, LLP
Sean Ploen (BBO # 641279)
20 Park Plaza, Suite 637
Boston, Massachusetts 02116
Tel.: (617) 426-6800

BIRNBAUM & GODKIN, LLP                   Lucy D. Lovrien (BBO# 555042)
Robert N. Feldman (BBO # 630734)         10 Winthrop Square
280 Summer Street                        Boston, Massachusetts 02110
Boston, MA  02210                        Tel:  (617) 423-4050
Tel: (617) 307-6100
Fax: (617) 307-6101

## CERTIFICATE OF SERVICE

I, Sean Ploen, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on February 2, 2007.

/s/ Sean Ploen
Sean Ploen