UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

BROADVOICE, INC.,

           Plaintiff / Counterclaim Defendant,

    v.

BROADVOX LLC,
BROADVOX HOLDINGS LLC,
BROADVOX DISTRIBUTION LLC and,
BROADVOX CORPORATION.

           Defendants / Counterclaimant.
_____

Civil Action No. 05-11008-MLW

**JOINT ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIM**

[Jury Demand Endorsed Hereon]

**JOINT ANSWER**

    Defendants BROADVOX LLC, BROADVOX HOLDINGS, LLC, BROADVOX

DISTRIBUTION, LLC AND BROADVOX CORPORATION (collectively "Broadvox"), by their

counsel, for their Joint Answer to the First Amended Complaint herein filed by BROADVOICE, INC.

("Plaintiff"), state as follows:

<u>FIRST DEFENSE</u>

    1.    Broadvox admits that Plaintiff's use of the mark BROADVOICE is confusingly

similar to the federally registered trademark owned by Broadvox in the mark BROADVOX®, and

further admits that Plaintiff and Broadvox are using said marks in connection with highly similar services;

and further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint concerning Plaintiff's alleged date of first use of the mark BROADVOICE and Plaintiff's alleged license agreement with a third party and therefore denies the same; but further answering, Broadvox denies the remaining allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint.

2.      Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's First Amended Complaint and therefore denies the same.

3.      Broadvox admits the allegations set forth in paragraph 3 of Plaintiff's First Amended Complaint.

4.      Broadvox admits the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint.

5.      Broadvox admits that Broadvox Distribution, LLC is an Ohio limited liability company; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of Plaintiff's First Amended Complaint.

6.      Broadvox admits the allegations set forth in paragraph 6 of Plaintiff's First Amended Complaint.

7.      Broadvox admits the allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint.

8.      Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of Plaintiff's First Amended Complaint.

9.      Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint and therefore denies the same.

10.     Broadvox admits the allegations set forth in paragraph 10 of Plaintiff's First Amended Complaint.

11.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of Plaintiff's First Amended Complaint concerning Plaintiff's principal place of business and therefore denies the same; but further answering, Broadvox denies the remaining allegations set forth in paragraph 11 of Plaintiff's First Amended Complaint.

12.     Broadvox admits that Plaintiff offers Internet telephony services using voice over Internet protocol ("VoIP") technology; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of Plaintiff's First Amended Complaint and therefore denies the same.

13.      Broadvox admits that Plaintiff's Internet telephony services are marketed and sold to individual consumers who are end-users of its services; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of Plaintiff's First Amended Complaint and therefore denies the same.

14.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's First Amended Complaint and therefore denies the same.

15.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's First Amended Complaint and therefore denies the same.

16.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's First Amended Complaint concerning the alleged trademark license between Plaintiff and Broadcom Corporation ("Broadcom") and therefore denies the same; but further answering, Broadvox denies that Plaintiff has any right to use the mark "BROADVOICE" in connection with Internet telephony services and further denies the remaining allegations set forth in paragraph 16 of Plaintiff's First Amended Complaint.

17.     Broadvox admits that U.S. trademark registration no. 2,913,502 for the mark "BROADVOICE" was issued to Broadcom for use in connection with "computer hardware; integrated circuits; and software for controlling and using integrated circuits;" but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of Plaintiff's First Amended Complaint.

18.     Broadvox denies that Plaintiff has or had any common law rights to use the mark "BROADVOICE" in connection with Internet telephony services; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of Plaintiff's First Amended Complaint.

19.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's First Amended Complaint and therefore denies the same.

20.     Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's First Amended Complaint and therefore denies the same.

21.     Broadvox admits that it uses the BROADVOX® trademark in connection with Internet telephony services that are directly competitive with the Internet telephony services of BroadVoice, and that the services offered by the respective parties are targeted toward the same class of prospective purchasers; but further answering, Broadvox denies the remaining allegations set forth in paragraph 21 of Plaintiff's First Amended Complaint.

22.     Broadvox admits the allegations set forth in paragraph 22 of Plaintiff's First Amended Complaint.

23.     Broadvox denies the allegations set forth in paragraph 23 of Plaintiff's First Amended Complaint.

24.     Broadvox denies the allegations set forth in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Broadvox admits the allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint; but further answering, Broadvox has filed an Answer to the Petition to Cancel filed by Plaintiff with the Trademark Trial and Appeal Board and Broadvox denies that the Petition to Cancel has any merit, and further denies any remaining allegations set forth in paragraph 25 of Plaintiff's First Amended Complaint.

26.     Broadvox admits that the respective marks BROADVOX® and BROADVOICE are essentially identical, are both used in connection with Internet telephony services, and are likely to cause confusion in the marketplace, but denies the remaining allegations set forth in

paragraph 26 of Plaintiff's First Amended Complaint; and further answering, Broadvox LLC is the senior user of the mark, and thus confusion in the marketplace will cause irreparable injury and damage to Broadvox, LLC.

<u>Answer to Count One</u>

27.    For their Joint Answer to paragraph 27 of Plaintiff's First Amended Complaint, Broadvox incorporates herein by reference all of the admissions, denials and averments set forth in the foregoing paragraphs 1 – 26 as fully as though rewritten herein at length.

28.    Broadvox denies the allegations set forth in paragraph 28 of Plaintiff's First Amended Complaint.

29.    Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of Plaintiff's First Amended Complaint and therefore denies the same.

30.    Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's First Amended Complaint and therefore denies the same.

31.    Broadvox admits that U.S. trademark registration no. 2,913,502 for the mark "BROADVOICE" was issued to Broadcom for use in connection with "computer hardware; integrated circuits; and software for controlling and using integrated circuits;" but further answering, Broadvox denies that Plaintiff has any right to use the "BROADVOICE" mark in connection with Internet telephony services; and further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of Plaintiff's First Amended Complaint and therefore denies the same.

32.   Broadvox admits that the respective marks BROADVOX® and BROADVOICE are essentially identical, are both used in connection with Internet telephony services, and are likely to cause confusion in the marketplace; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged license between Plaintiff and Broadcom and therefore denies the same; and further answering, Broadvox denies the remaining allegations set forth in paragraph 32 of Plaintiff's First Amended Complaint; and further answering, Broadvox LLC is the senior user of the mark, and thus confusion in the marketplace will cause irreparable injury and damage to Broadvox, LLC.

33.   Broadvox denies the allegations set forth in paragraph 33 of Plaintiff's First Amended Complaint.

<u>Answer to Count Two</u>

34.   For their Joint Answer to paragraph 34 of Plaintiff's First Amended Complaint, Broadvox incorporates herein by reference all of the admissions, denials and averments set forth in the foregoing paragraphs 1 – 33 as fully as though rewritten herein at length.

35.   Broadvox denies the allegations set forth in paragraph 35 of Plaintiff's First Amended Complaint.

36.   Broadvox denies the allegations set forth in paragraph 36 of Plaintiff's First Amended Complaint.

37.   Broadvox denies the allegations set forth in paragraph 37 of Plaintiff's First Amended Complaint.

38.   Broadvox denies the allegations set forth in paragraph 38 of Plaintiff's First Amended Complaint.

<u>Answer to Count Three</u>

39.     For their Joint Answer to paragraph 39 of Plaintiff's First Amended Complaint, Broadvox incorporates herein by reference all of the admissions, denials and averments set forth in the foregoing paragraphs 1 – 38 as fully as though rewritten herein at length.

40.     Broadvox denies that it has engaged in any actions constituting unfair competition; but further answering, Broadvox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40 of Plaintiff's First Amended Complaint and therefore denies the same.

41.     Broadvox denies the allegations set forth in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Broadvox denies the allegations set forth in paragraph 42 of Plaintiff's First Amended Complaint.

43.     Broadvox denies the allegations set forth in paragraph 43 of Plaintiff's First Amended Complaint.

<u>SECOND DEFENSE</u>

44.     Plaintiff's First Amended Complaint fails to state a claim against Broadvox upon which relief can be granted.

<u>THIRD DEFENSE</u>

45.     The claims alleged in Plaintiff's First Amended Complaint are barred by the doctrine of laches.

<u>FOURTH DEFENSE</u>

46.    The claims alleged in Plaintiff's First Amended Complaint are barred by the doctrines of waiver and/or estoppel.

<u>FIFTH DEFENSE</u>

47.    The claims alleged in Plaintiff's First Amended Complaint are barred by the doctrine of unclean hands.

48.    By reason thereof, Plaintiff is not entitled to any equitable or injunctive relief.

<u>SIXTH DEFENSE</u>

49.    The claims alleged in Plaintiff's First Amended Complaint are barred by the doctrine of acquiescence.

<u>SEVENTH DEFENSE</u>

50.    The common law trademarks alleged by Plaintiff and allegedly infringed by Broadvox are not distinctive of Plaintiff's and/or Plaintiff's alleged licensor's Internet telephony services in interstate commerce and have not acquired any secondary meaning as purchasers of Plaintiff's and/or Plaintiff's alleged licensor's services do not associate the mark with Plaintiff and/or Plaintiff's alleged licensor alone.

51.    By reason thereof, the common law trademark rights alleged in Plaintiff's First Amended Complaint are invalid and Plaintiff cannot sustain any claim against Broadvox under the Lanham Act, 15 U.S.C. §1051, *et seq*., or under Massachusetts law.

## EIGHTH DEFENSE

52.     Broadvox is the owner of U.S. Reg. No. 2,940,100 for the service mark BROADVOX® for Internet telephony services thereby giving Broadvox the exclusive right to use the BROADVOX® trademark in connection with Internet telephony services throughout the United States.

53.     Broadvox's first use of the BROADVOX® trademark in commerce in connection with the sale of Internet telephony services pre-dates BroadVoice's first use of the BROADVOICE mark in connection with same or similar services, and therefore, Broadvox's use of the BROADVOX® trademark is senior to BroadVoice's use of the BROADVOICE mark.

54.     By reason of the foregoing, the trademark rights of Broadvox are superior to any trademark rights of BroadVoice in connection with the marks at issue, and BroadVoice cannot sustain any trademark infringement or other Lanham Act claim against Broadvox.

## NINTH DEFENSE

55.     The claims alleged against Broadvox in Plaintiff's First Amended Complaint are barred by all applicable statutes of limitations.

## TENTH DEFENSE

56.     The claims alleged against Broadvox in Plaintiff's First Amended Complaint are barred by the applicable statute of frauds.

## ELEVENTH DEFENSE

57.     The alleged trademark license between Plaintiff and Broadcom Corporation is unenforceable and invalid.

58.     By reason thereof, Plaintiff lacks standing to assert the claims alleged its First Amended Complaint based upon any trademark rights of Broadcom Corporation.

WHEREFORE, Defendants pray that this First Amended Complaint be dismissed with prejudice at Plaintiff's cost, that judgment in favor of Defendants and against Plaintiff be entered, and that Defendants recover their costs and reasonable attorneys fees incurred herein.

## COUNTERCLAIM

Defendant / Counterclaimant BROADVOX, LLC ("Broadvox"), for its Counterclaim against Plaintiff / Counterclaim Defendant BROADVOICE, INC. ("BroadVoice"), states and alleges as follows:

### The Parties

1.     Broadvox is a Delaware limited liability with its principal place of business located at 1228 Euclid, Avenue, Suite 390, Cleveland, Ohio.

2.     BroadVoice is a Delaware corporation with its principal place of business located in Billerica, Massachusetts.

### Jurisdiction and Venue

3.     This Court has subject matter jurisdiction over Broadvox's counterclaims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because: (a) the acts of infringement and other wrongful conduct alleged occurred in this judicial district, and (b) BroadVoice may be found in this judicial district.

<u>Facts Common To All Claims</u>

5.      Since at least August 29, 2001, Broadvox has been engaged continuously in the business of offering Internet telephony services using voice over Internet protocol ("VoIP") technology under the mark BROADVOX®.

6.      Through its continued use of the BROADVOX® service mark, and its significant advertising, promotion and sale of its services in connection with the service mark BROADVOX®, consumers and the public have come to associate Broadvox as the single source and origin of Internet telephony services that are offered, promoted, advertised and sold under the service mark BROADVOX®, which has developed secondary meaning and significance in the minds of relevant purchasers as a distinctive origin and source of Broadvox services.

7.      On or about April 12, 2005, the U.S. Patent and Trademark Office issued U.S. Reg. No. 2,940,100 to Broadvox for the service mark BROADVOX® for "Internet telephony services."  A copy of the Trademark Registration Certificate is attached as Exhibit 1.

8.      BroadVoice is likewise engaged in the business of offering Internet telephony services using VoIP technology under and in connection with the mark BROADVOICE.

9.      Upon information and belief, BroadVoice first began offering Internet telephony services under the mark BROADVOICE in May of 2003.

10.      Broadvox's first use of the BROADVOX® service mark in commerce in connection with the sale of Internet telephony services pre-dates BroadVoice's first use of the BROADVOICE mark in connection with same or similar services.

11.      Broadvox's first use of the BROADVOX® service mark in commerce in connection with the sale of Internet telephony services pre-dates BroadVoice's alleged licensor,

Broadcom Corporation's, first use of the BROADVOICE mark in connection with same or similar services.

12.     Broadvox's use of the BROADVOX® service mark is senior to BroadVoice's use of the BROADVOICE mark.

13.     Broadvox's use of the BROADVOX® service mark in connection with Internet telephony services is senior to use of the BROADVOICE mark by BroadVoice's alleged licensor, Broadcom Corporation, in connection with Internet telephony services.

14.     BroadVoice has no right, title or interest in or to the BROADVOX® service mark.

15.     Broadvox has not given BroadVoice any license, permission, acquiescence, agreement, approval, consent or right, whether written or oral, to use, copy, or otherwise exploit the BROADVOX® service mark or any other confusingly similar mark.

16.     On or about March 11, 2005, BroadVoice caused a proposed "Consent Agreement" to be sent to Broadvox, seeking consent and agreement from Broadvox for BroadVoice to continue using the BROADVOICE mark.  A copy of this proposed "Consent Agreement" is attached as Exhibit 2.

17.     In the proposed "Consent Agreement," BroadVoice asked Broadvox to acknowledge and agree that "confusion was not likely to arise" from the continued concurrent use of the BROADVOICE mark by BroadVoice and the BROADVOX® service mark by Broadvox.

18.     Broadvox refused to sign the "Consent Agreement" proposed by BroadVoice.

19.     On April 18, 2005, Broadvox caused a cease and desist letter to be sent to BroadVoice demanding that BroadVoice cease and desist from any further infringement of the

BROADVOX® service mark and from any further use of the BROADVOICE mark or any other confusingly similar mark.  A copy of this letter is attached as Exhibit 3.

20.    On April 19, 2005, Broadvox caused a second letter to be sent to BroadVoice advising that a federal registration had issued to Broadvox for the BROADVOX® service mark and providing a copy of the registration. A copy of this letter is attached as Exhibit 4.

21.    BroadVoice failed to respond to either of the aforementioned letters.  Instead, it filed this lawsuit against Broadvox and filed a Petition for Cancellation of the BROADVOX® registration with the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

22.    The mark BROADVOICE is confusingly similar to the registered BROADVOX® service mark when used in connection with Internet telephony services.

23.    BroadVoice has conceded that there is a likelihood of confusion caused by the concurrent use of the BROADVOICE and BROADVOX® marks in connection with the sale of Internet telephony services and has alleged such a likelihood of confusion in its First Amended Complaint herein.  (*See, e.g.*, First Amended Complaint ¶ 26, 32, and 35).

24.    The continued use of the mark BROADVOICE by BroadVoice is likely to continue to confuse purchasers as to the source and/or origin of Broadvox services and the relationship between Broadvox and BroadVoice.

25.    As a result of the foregoing, Broadvox has suffered and will continue to suffer loss, damage and irreparable harm, including without limitation, damage and irreparable harm to its valuable business reputation and goodwill for which Broadvox has no adequate remedy at law.

26.    At all times relevant herein, BroadVoice knew or should have known that Broadvox held trademark rights in the BROADVOX® service mark.

27.    BroadVoice's actions were taken in willful, malicious and/or conscious disregard of Broadvox's rights.

28.    BroadVoice has committed and, upon information and belief, continues to commit acts of trademark infringement against Broadvox. Further, BroadVoice's acts are willful, deliberate and committed with prior notice and knowledge of Broadvox's registered service mark.

29.    Unless BroadVoice is restrained and enjoined from infringing Broadvox's trademark rights, from using false and misleading acts and statements, from falsely designating the origin of BroadVoice Internet telephony services, and from otherwise unfairly competing with Broadvox, Broadvox will continue to suffer irreparable injury for which it has no adequate remedy at law.

<u>Count I</u>

(Federal Trademark Infringement)

30.    Broadvox incorporates herein by reference all of the statements, allegations, and averments set forth in the foregoing paragraphs 1 – 29 as fully as though rewritten herein at length.

31.    The acts of BroadVoice alleged above are willful and constitute trademark infringement in violation of the Lanham Act, including without limitation 15 U.S.C. §1114(1).

32.    Because of Broadvox's longstanding and exclusive use, marketing, advertising and promotion, the BROADVOX® service mark has come to be known and understood by the relevant purchaser to signify the Internet telephony services of Broadvox.

33.    BroadVoice's infringing use of the mark BROADVOICE in connection with its advertising, marketing, promotion and sale of the same or similar Internet telephony services is likely to cause mistake, confusion or deception as to the source, origin or authenticity of such services.

34. Further, BroadVoice's actions are likely to mislead the relevant purchasers into erroneously concluding that its services originate with, are associated or connected with, or are authorize by Broadvox, to the damage of Broadvox and the public.

35. BroadVoice has used the infringing BROADVOICE mark with the willful and calculated purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of its Internet telephony services and of trading upon Broadvox's goodwill and business reputation.

36. BroadVoice acted willfully within the meaning of the Lanham Act, or at a minimum, BroadVoice acted with willful blindness to and in reckless disregard of the registered BROADVOX® service mark.

37. As a result of its wrongful acts, BroadVoice is liable to Broadvox for trademark infringement under the Lanham Act, 15 U.S.C. §1114(1).

38. Broadvox has suffered and will continue to suffer damages, including loss of goodwill and damage to its business reputation. Pursuant to the Lanham Act, 15 U.S.C. §1117(a), Broadvox is entitled to recover its losses and damages plus any profits that BroadVoice has made as a result of its wrongful conduct, plus the costs of this action.

39. Further, because BroadVoice's infringement of the BROADVOX® service mark was willful, the actual damages and profits to which Broadvox is entitled should be trebled under the Lanham Act, 15 U.S.C. §1117(a).

40. Broadvox is also entitled to injunctive relief against BroadVoice pursuant to the Lanham Act, 15 U.S.C. §1116(a), and to an order impounding all infringing materials being used, sold, offered or distributed by BroadVoice pursuant to the Lanham Act, 15 U.S.C. §§1116(a). Broadvox

has no adequate remedy at law as the BROADVOX® service mark being infringed by BroadVoice, while distinct and valuable property, has no readily determinable market value. Broadvox has suffered and is continuing to suffer loss of goodwill and damage to its business reputation for which it cannot be fully compensated by any monetary damage award. BroadVoice's wrongful conduct and the resulting damage to Broadvox are continuing and the public will likewise continue to be mistaken, confused and/or deceived as to the source or authenticity of the same or similar services being offered, advertised, marketed, promoted and sold by BroadVoice.

41.    Broadvox is also entitled to recover the costs of this action and its reasonable attorneys fees pursuant to the Lanham Act, 15 U.S.C. §1117(a).

<u>Count II</u>

(Violation of Lanham Act §43(a) –
False Designation of Origin, False Description, False Representation)

42.    Broadvox incorporates herein by reference all of the statements, allegations, and averments set forth in the foregoing paragraphs 1 – 41 as fully as though rewritten herein at length.

43.    BroadVoice's wrongful acts as alleged above constitute false designation of origin, false description and/or false representation that its Internet telephony services, which are being offered, marketed, advertised, promoted and sold under the confusingly similar mark BROADVOICE, originate from, are associated or connected with, or are authorized by Broadvox, all of which constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.    In engaging in such wrongful conduct, BroadVoice acted with the willful and purposeful intent of deceiving relevant purchasers and the public into believing that its services originated from, were associated or connected with, or were authorized by, provided by, approved by, sponsored

17

by, or otherwise affiliated with Broadvox. BroadVoice's acts as alleged herein were committed with the intent of trading upon the goodwill and business reputation of Broadvox and of passing off and/or palming off its own Internet telephony services as originating from, being connected or associated with, or being authorized by Broadvox.

45.    BroadVoice will continue to use the infringing and confusingly similar BROADVOICE mark unless restrained and enjoined from doing so.

46.    As a direct result BroadVoice's wrongful conduct, Broadvox has suffered and will continue to suffer loss and damage, including irreparable harm and damage to its goodwill and business reputation. Pursuant to the Lanham Act, 15 U.S.C. §1117(a), Broadvox is entitled to recover its losses and damages plus any profits that BroadVoice has made as a result of its wrongful conduct, plus the costs of this action.

47.    Broadvox is also entitled to injunctive relief against BroadVoice pursuant to the Lanham Act, 15 U.S.C. §1116(a), and to an order impounding all materials bearing the infringing BROADVOICE mark or any other infringing mark being used, sold, offered or distributed by BroadVoice pursuant to the Lanham Act, 15 U.S.C. §§1116(a). Broadvox has no adequate remedy at law as the BROADVOX® service mark being infringed by BroadVoice, while distinct and valuable property, have no readily determinable market value. Broadvox has suffered and is continuing to suffer loss of goodwill and damage to its business reputation for which it cannot be fully compensated by any monetary damage award. BroadVoice's wrongful conduct and the resulting damage to Broadvox are continuing and the public will likewise continue to be mistaken, confused and/or deceived as to the source, origin or authenticity of the Internet telephony services being offered and/or sold by BroadVoice in connection with the infringing BROADVOICE mark.

<u>Count III</u>

(Accounting)

48.     Broadvox incorporates herein by reference all of the statements, allegations, and averments set forth in the foregoing paragraphs 1 – 47 as fully as though rewritten herein at length.

49.     Under the Lanham Act, 15 U.S.C. §1117, Broadvox is entitled to recover any and all of BroadVoice's profits attributable to BroadVoice's acts of infringement and other violations of § 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50.     The amount of money due from BroadVoice to Broadvox is unknown to Broadvox and cannot be ascertained without a full, complete and detailed accounting by BroadVoice of the precise extent and amount of business it conducted and revenue it received using the infringing BROADVOICE mark.  Broadvox is entitled to review all of BroadVoice's records with respect to sales of services made using the infringing BROADVOICE mark to obtain an accounting of all sales and profits of the same.

WHEREFORE, Broadvox, LLC demands judgment in its favor and against BroadVoice, Inc. as follows:

(1)     That a judgment be entered against BroadVoice finding that it has:

(a)     willfully infringed Broadvox's rights in the BROADVOX® service mark, U.S. Reg. No. 2,940,100 ("BROADVOX");

(b)     committed and is committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Broadvox, in violation of 15 U.S.C. §1125(a);

(c)    otherwise injured the goodwill, business reputation and business of Broadvox by the acts and conduct set forth in this Counterclaim.

(2)    That injunctive relief be issued against BroadVoice, and that BroadVoice, its officers, directors, shareholders, members, agents, employees, affiliated companies, attorneys, representatives, successors and/or assigns, and all others in active concert or participation with BroadVoice, be enjoined and restrained from:

(a)    using the mark BROADVOICE or any other mark in connection with Internet telephony services that infringes or is confusingly similar to any mark protected by Broadvox's trademark rights, including, but not limited to, U.S. Reg. No. 2,940,100 ("BROADVOX");

(b)    selling, offering for sale, advertising, promoting, or displaying any services or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any Broadvox registered trademark or service mark, including, but not limited to, those listed in Sections (2)(a) above;

(c)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of Broadvox's registered trademark or service mark, including, but not limited to those listed in Sections (2)(a) above, in connection with the offering for sale, advertisement, promotion, or display of any publication, material, image, data, component, or thing not authorized or licensed by Broadvox;

(d)    using any designation of origin or description that can or is likely to lead any person or entity to believe that any publication, material, image, data, component, or thing has been produced, distributed, offered for distribution, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Broadvox, when such is not true in fact;

(e)    using the infringing BROADVOICE mark or any other confusingly similar or infringing mark or reproduction, counterfeit, copy or colorable imitation of the BROADVOX® service mark in the distribution, offering for distribution, circulating, selling, offering for sale, advertising, promoting, or displaying of any merchandise or material not authorized or licensed by Broadvox;

(f)    using the infringing BROADVOICE name, logo, or other variation thereof in any of BroadVoice's trade or corporate names or Internet domain names;

(g)    engaging in any other activity constituting an infringement of any Broadvox trademark or service mark, or of Broadvox's rights in, or right to use or to exploit, such trademark and/or service mark; and

(h)    assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

(3)    That an order of impoundment be entered pursuant to 15 U.S.C. §1116(a) impounding all infringing materials bearing any mark that infringes the BROADVOX® service mark, and any related item, including business records, that are in BroadVoice's possession or under its control;

(4)    That an order be entered declaring that BroadVoice hold in trust, as constructive trustees for the benefit of Broadvox, its illegal profits obtained from selling Internet telephony services in connection with the infringing BROADVOICE mark;

(5)    That an order be entered requiring BroadVoice to provide Broadvox a full and complete accounting of all profits obtained from selling Internet telephony services in connection with the infringing BROADVOICE mark and of any other amounts due and owing to Broadvox as a result of BroadVoice's illegal activities;

(6)     That BroadVoice be ordered to pay Broadvox's general, special, and actual damages as follows: Broadvox's damages and BroadVoice's profits pursuant to 15 U.S.C. §1117(a), trebled pursuant to 15 U.S.C. §1117(a) for BroadVoice's willful violation of Broadvox's registered trademark and service mark;

(7)     That BroadVoice be ordered to transfer to Broadvox immediately each and every Internet domain name registered to BroadVoice and/or within its possession, custody or control, that contains or incorporates the infringing BROADVOICE mark;

(8)     That BroadVoice be ordered to pay to Broadvox both the costs of this action and the reasonable attorneys' fees incurred by Broadvox in prosecuting and/or defending this action; and

(9)     That Broadvox be granted such other and additional relief as is just and proper.

## JURY DEMAND

Defendants and Counterclaimant hereby demand a trial by jury on all claims, defenses and counterclaims so triable.

Respectfully submitted,

BROADVOX LLC,
BROADVOX HOLDINGS LLC,
BROADVOX DISTRIBUTION LLC, and
BROADVOX CORPORATION.

by their attorneys,


s/ *Robert E. Chudakoff*

Michael P. Boudett                              Robert E. Chudakoff (admitted *pro hac vice*)
Foley Hoag LLP                                  (OH Bar #0038594)
155 Seaport Boulevard                           Ulmer & Berne LLP
Boston, Massachusetts 02210                     Skylight Office Tower

Tel:  (617) 832-1000                    1660 West 2nd Street – Suite 1100
MXB@foleyhoag.com                       Cleveland, Ohio  44113-1448
                                        Tel: (216) 583-7000
                                        Fax: (216) 583-7001
                                        rchudakoff@ulmer.com


Dated: February 12, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007, the foregoing Joint Answer to First Amended Complaint and Counterclaim with Jury Demand was filed electronically.  Notice of this filing will be sent to all parties or their counsel by operation of the Court's electronic filing system as well as regular U. S. Mail.  Parties may access this filing through the Court's system.  Counsel of record include:

Lucy D. Lovrien (BBO No. 555042)
10 Winthrop Square
Boston, MA 02110
Tel: (617) 423-4050
Fax:  (617) 426-5251
Email: lovrien@wn.net

Sean C. Ploen  (BBO No. 641279)
Boston Law Group, LLP
20 Park Plaza, Suite 637
Boston, MA   02116
Tel: (617) 426-6809
Fax: (617) 426-6802
Email: sploen@bostonlawgroup.com

Robert N. Feldman (BBO # 630734)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
Tel: (617) 307-6100
Fax: (617) 307-6101
Email: feldman@birnbaumgodkin.com

Attorneys for Plaintiff
BroadVoice, Inc.

 s/ *Robert E. Chudakoff*
Robert E. Chudakoff (Ohio #0038594)
Ulmer & Berne LLP

One of the Attorneys for Defendants

Broadvox, LLC
Broadvox Holdings, LLC
Broadvox Holdings, LLC
Broadvox Corporation



# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

To avoid **CANCELLATION** of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)



Director of the United States Patent and Trademark Office

Int. Cl.: 38

Prior U.S. Cls.: 100, 101 and 104

## United States Patent and Trademark Office

Reg. No. 2,940,100

Registered Apr. 12, 2005

### SERVICE MARK
### PRINCIPAL REGISTER

# BROADVOX

BROADVOX, LLC (DELAWARE LTD LIAB JT ST CO)
1228 EUCLID AVENUE STE 390
EUCLID, OH 44115

FOR: INTERNET TELEPHONY SERVICES, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 8-29-2001; IN COMMERCE 8-29-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE FOREIGN WORDING VOX IN THE MARK TRANSLATES INTO ENGLISH AS VOICE.

SER. NO. 78-396,686, FILED 4-5-2004.

CIMMERIAN COLEMAN, EXAMINING ATTORNEY

CONSENT AGREEMENT

This Agreement, executed as of the date of signing set forth below, is entered into by and between BroadVoice, Inc. ("BroadVoice.") a Delaware corporation having its principal place of business at 900 Chelmsford Street, Lowell, Massachusetts 01851 ("BroadVoice") and Broadvox, LLC ("Broadvox") a Delaware Limited Liability Company having its principal place of business at 1228 Euclid Avenue, Suite 390, Euclid, Ohio 44115.

WHEREAS, BroadVoice asserts that it has been using the mark BROADVOICE (the "BROADVOICE Mark") in connection with its enhanced information and communication services, namely, the electronic transmission of voice, facsimile, video, data and information, and which may be accompanied by the provision of some adaptor and/or other equipment to BroadVoice's customers within the context of the provision of such services, and that it has obtained service mark registration in Massachusetts for BROADVOICE for such services which are currently described as "telephony communication services";

WHEREAS, Broadvox asserts that it has been using the mark BROADVOX (the "Broadvox Mark") in connection with its internet telephony services, and that it has filed a federal trademark registration application for the mark BROADVOX (the "Broadvox Application"), Serial Number 78/396686;

WHEREAS, the parties hereto recognize the validity of each other's use and applications for registration of their respective marks in connection with their respective services and wish to avoid any conflict with the other's use or registration of its mark; and
WHEREAS, the parties hereto have concluded that confusion is not likely to arise from their use and registration of their respective marks in connection with their respective services as set forth above for the following reasons: BroadVoice believes there is no likelihood of confusion or conflict between the two trademarks described above; and Broadvox believes there is no likelihood of confusion or conflict between the two trademarks described above;
NOW, THEREFORE, in consideration of the mutual promises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:
1. BroadVoice hereby consents to, and agrees that it will not take any action to interfere with or prevent the use or registration of the BROADVOX Mark by Broadvox in connection with Serial Number 78/396686.
2. Broadvox hereby consents to, and agrees that it will not take any action to interfere with or prevent the use or registration, including federal registration, of the BROADVOICE Mark by Broadvoice in connection with the aforesaid goods and services.
3. Broadvox hereby consents to, and agrees that it will not take any action to interfere with or prevent the use by Broadvoice, in connection with the aforesaid goods and services, of the domain names www.broadvoice.com or www.broadvoice.net or any other domain names secured by Broadvoice in which "broadvoice" is included within the second-level domain.
4. The parties agree to execute and file with the United States Patent and Trademark Office any and all documents which may be necessary or proper to effectuate the terms of this Agreement, including the registration of the parties' respective marks.
5. The parties agree to continue to take reasonable action to prevent any confusion due to the coexistence and registration of their respective marks, and to notify each other of any instances of

confusion.

6. Neither party has filed any action against the other, whether in federal or state court or in the U.S. Patent and Trademark Office, any other national trademark registry, or at any international trademark and domain name dispute resolution body.

7. In consideration of the promises contained herein, BroadVoice and Broadvox each hereby remise, release and forever discharge the other of and from any and all debts, demands, actions, causes of action, covenants, contracts, agreements, promises, doings, omissions, variances, damages, costs, executions, claims, rights, liabilities, suits, proceedings, sums, sums of money, accounts, reckonings, presentments, attorneys' liens, rights to attorneys' fees, and controversies of

any kind whatsoever, known or unknown, suspected or unsuspected, at law or in equity, which either may now have or hold or may have held against the other at any time on or prior to the date

of this Agreement.

8. Each party further covenants and agrees never to institute against the other party any suit, charge or action at law, in equity or otherwise in any court, administrative agency or other tribunal of the United States or any state thereof, or with any national or international tribunal purporting to resolve disputes concerning domain names, with respect to any cause of action or claim of any kind arising or which may have existed on or before the present date as a result of such other party's use of its respective Mark.

9. BroadVoice represents and warrants that it has not instituted and further covenants and agrees never to institute against Broadvox any suit, charge or action at law, in equity or otherwise in any court, administrative agency or other tribunal of the United States or any state thereof, or with any national or international tribunal purporting to resolve disputes concerning domain names, with respect to any cause of action or claim of any kind arising or which may have existed on or before the present date as a result of Broadvox's use of the BROADVOX Mark in connection with its services, providing that Broadvox is in compliance with this Agreement.

10. Broadvox represents and warrants that it has not instituted and further covenants and agrees never to institute against BroadVoice any suit, charge or action at law, in equity or otherwise in any court, administrative agency or other tribunal of the United States or any state thereof, or with any national or international tribunal purporting to resolve disputes concerning domain names, with respect to any cause of action or claim of any kind arising or which may have existed on or before the present date as a result of BroadVoice's use of the BROADVOICE Mark in connection with the aforesaid goods and services, providing that BroadVoice is in compliance with this Agreement.

11. This Agreement constitutes the entire agreement between the parties and may not be modified

except by writing signed by an authorized representative of each party.

12. The terms of this Agreement are severable, and if for any reason any provisions of this Agreement shall, in whole or in part, be found to be unenforceable, invalid or void, the remaining terms and conditions shall be enforced in full.

13. This Agreement shall be binding on and shall inure to the benefit of each of BroadVoice and Broadvox, and any affiliates, licensees, successor(s) or assignee(s) of either.

14. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts and shall take effect as a sealed instrument. Each party represents that it has read this Agreement, fully

understands the contents, and has had the opportunity to consult with counsel.

IN WITNESS WHEREOF, the parties, by duly authorized representatives, execute this Consent Agreement as of the date first set forth above.

_____    _____

BroadVoice, Inc. Broadvox, L.L.C.

By: _____    By: _____

Name: _____    Name: _____

Title: _____    Title: _____

Dated: _____    Dated: _____



ATTORNEYS

ROBERT E. CHUDAKOFF

direct 216.931.6126
direct fax 216.931.6127
rchudakoff@ulmer.com

April 18, 2005

<u>Via Certified Mail, Return Receipt #7004 1160 0000 5296 9327</u>

BroadVoice, Inc.
c/o David Epstein, President
c/o Frank T. Gangi, CEO
900 Chelmsford Street, Tower Three
Lowell, Massachusetts 01851

Re:    Infringement of "BROADVOX" Trademark
       Our Client: Broadvox, LLC

Dear Messrs. Epstein and Gangi:

This law firm and the undersigned represent Broadvox, LLC ("Broadvox") in connection with its intellectual property rights and its claims against BroadVoice, Inc. ("BroadVoice"). As you are aware, our client is engaged in the business of providing "voice over IP" ("VoIP") Internet telephony and related services and has been transacting business in commerce in the United States and on the Internet under the name/mark "BROADVOX" since at least 2001. Our research and investigation show that BroadVoice was not founded until December 2003, long after our client first began using the "BROADVOX" mark in commerce.

Broadvox has a history of doing business under its "BROADVOX" trademark. As a result of continued use, promotion and advertising, consumers and the general public in the United States have come to associate closely the trademark "BROADVOX" with the entity Broadvox and its high quality products and services. As such, the trademark symbolizes a substantial amount of good will and is an extremely valuable property right. Broadvox has a substantial interest in continuing to use this trademark in its business and avoiding any dilution and/or likelihood of confusion with respect to its trademark.

The mark "BROADVOX" is also the subject of a pending application for U.S. trademark registration, being Serial No. 78396686. This application and mark have passed through the publication period without opposition. Thus, federal registration of the mark should be issued within a month, thereby granting our client the exclusive right to use the mark in connection with Internet telephony services, including VoIP, throughout the United States.

1300 EAST NINTH STREET, SUITE 900
CLEVELAND, OHIO 44114-1583

firm
216.931.6000

fax
216.931.6001

internet
www.ulmer.com

CLEVELAND          COLUMBUS          CINCINNATI          CHICAGO

# ulmer | berne | llp

ATTORNEYS

BroadVoice, Inc.
c/o David Epstein, President
c/o Frank T. Gangi, CEO
April 18, 2005
Page 2

Your unauthorized use of the infringing mark "BROADVOICE" – whether as a company name, as a domain name or in web page content or metatags – is likely to cause confusion, mistake or deception among the relevant consuming public as to the source and/or origin of the services you provide and those provided by Broadvox. The marks "BROADVOX" and "BROADVOICE" look and sound alike and have the same meaning (the English translation of the commonly known Latin term "vox" is "voice"). Consequently, your use of the "BROADVOICE" mark constitutes trademark infringement, false designation of origin and directly infringes upon the rights of Broadvox. Our client recently informed BroadVoice of its concerns over your continued use of the infringing "BROADVOICE" mark, so BroadVoice is already on notice of this infringement and its violation of our client's trademark rights. Continued violation of those rights can only be viewed as intentional infringement by BroadVoice.

Broadvox has instructed us to investigate all of its available legal remedies against BroadVoice for this infringement. In the meantime, Broadvox demands that BroadVoice immediately cease and desist from any further unauthorized and improper use of the infringing mark "BROADVOICE" and/or any other confusingly similar mark, and that BroadVoice immediately transfer to Broadvox the ownership and registration for the domain name broadvoice.com.

Within seven (7) days of the date of this letter, please provide us with written confirmation of the following:

1. That you have ceased using the mark "BROADVOICE" (and any other confusingly similar mark) in any manner;

2. That all web pages, metatags and other references that include or contain the mark "BROADVOICE" have been eliminated; and

3. That BroadVoice will transfer ownership and registration of the broadvoice.com domain name to our client and will cooperate with us in filing the necessary papers to effectuate such transfer.

# ulmer|berne|llp

ATTORNEYS

BroadVoice, Inc.
c/o David Epstein, President
c/o Frank T. Gangi, CEO
April 18, 2005
Page 3


Broadvox takes its intellectual property rights very seriously and is committed to protecting those rights. We hope that you give this matter serious consideration and we look forward to your prompt compliance.

Very truly yours,

Robert E. Chudakoff


107/rec/1460910.1
29008.0010
cc:     BroadVoice, Inc. (by regular mail)
        Broadvox, LLC (by regular mail)



ulmer | berne | llp
ATTORNEYS

ROBERT E. CHUDAKOFF

direct 216.931.6126
direct fax 216.931.6127
rchudakoff@ulmer.com

April 19, 2005

<u>Via Certified Mail, Return Receipt #7004 1160 0000 5296 9358</u>

BroadVoice, Inc.
c/o David Epstein, President
c/o Frank T. Gangi, CEO
900 Chelmsford Street, Tower Three
Lowell, Massachusetts  01851

      Re:    Infringement of "BROADVOX" Trademark
              Our Client:  Broadvox, LLC

Dear Messrs. Epstein and Gangi:

      This letter is in follow up to the cease and desist letter we sent you dated April 18, 2005 in connection with the captioned matter.  Please be advised that the U.S. Patent and Trademark Office has now issued U.S. Trademark Reg. No. 2,940,100 for the mark "BROADVOX" to our client, Broadvox, LLC ("Broadvox").  Enclosed is a copy of the Certificate of Registration in this regard.  As owner of this federal trademark registration, Broadvox owns the exclusive right to use the mark "BROADVOX" in connection with Internet telephony services, including VoIP, throughout the United States.

      We look forward to your prompt response to and compliance with our April 18 letter.

            Very truly yours,

            Robert E. Chudakoff

107/rec/1462812.1
29008.0010
Enclosure
cc:     BroadVoice, Inc. (w/enclosure by regular mail)
         Broadvox, LLC (w/enclosure by regular mail)

1300 EAST NINTH STREET, SUITE 900
CLEVELAND, OHIO 44114-1583

firm
216.931.6000

fax
216.931.6001

internet
www.ulmer.com

CLEVELAND          COLUMBUS          CINCINNATI          CHICAGO