UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BROADVOICE, INC., )<br>)<br>Plaintiffs/Counterclaim Defendant, )<br>vs. )<br>)<br>BROADVOX, LLC, )<br>BROADVOX HOLDINGS LLC, )<br>BROADVOX DISTRIBUTION LLC and )<br>BROADVOX CORPORATION, )<br>)<br>Defendants/Counterclaimant. )<br>) | CIVIL ACTION<br>NO. 05-11008-MLW |

**PLAINTIFF'S ANSWER TO DEFENDANT BROADVOX'S COUNTERCLAIM**

Plaintiff and Counterclaim-defendant BroadVoice, Inc. ("BroadVoice"), denies any and all liability to Defendant and Counterclaim-plaintiff Broadvox, LLC ("Broadvox") and responds to each allegation contained in the Counterclaim as follows:

**Parties**

1. BroadVoice lacks knowledge or sufficient information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaim and therefore denies same.

2. BroadVoice admits the allegations set forth in paragraph 2 of the Counterclaim.

**Jurisdiction and Venue**

3. BroadVoice admits the allegations set forth in paragraph 3 of the Counterclaim.

4. BroadVoice admits that it may be found in this judicial district, but otherwise

1

denies that it has committed infringement or other wrongful conduct against Defendant.

### Facts

5. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Counterclaim, and therefore denies the same.

6. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaim, and therefore denies the same.

7. BroadVoice acknowledges that what Defendant purports is a copy of U.S. trademark registration no. 2,940,100 is attached as an exhibit to the Counterclaim, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaim, and therefore denies the same.

8. BroadVoice admits that it provides consumers with Voice over Internet Protocol ("VoIP") service, sometimes referred to as "Internet telephony" service; BroadVoice further admits that it uses the trademark BROADVOICE in connection with providing such service, but BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation set forth in paragraph 8 of the Counterclaim and therefore denies the same.

9. BroadVoice admits that it has used the trademark BROADVOICE in connection with offering VoIP services to consumers since at least as early as May, 2003.

10. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Counterclaim and therefore denies the same. BroadVoice takes note, however, of Broadvox's admission in paragraphs 18 and

19 of its originally-filed Joint Answer, Counterclaim and Jury Demand that it did not begin "offering its Internet telephony services using VoIP technology to individual consumers [until] in or around March 2004," nearly a full year after BroadVoice commenced its use of the trademark BROADVOICE in connection with offering VoIP services to consumers.

11. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Counterclaim and therefore denies the same.

12. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Counterclaim and therefore denies the same.

13. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Counterclaim and therefore denies the same.

14. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Counterclaim, and therefore denies the same, although BroadVoice acknowledges that it never has asserted such right, title or interest against any third party, including Broadvox.

15. BroadVoice admits that it neither sought nor received any license from Broadvox to use the BROADVOX mark or any other mark. The remaining allegations of paragraph 15 contain legal conclusions to which no response is required.

16. BroadVoice objects to the introduction of Exhibit 2 of the Counterclaim, and states that if any such document was transmitted to Broadvox, it was transmitted for purposes

of settlement discussions and therefore is not admissible in the present lawsuit, and therefore BroadVoice denies the allegations set forth in paragraph 16 of the Counterclaim.

17. BroadVoice renews its objection and repeats its response to paragraph 16 of Broadvox's Counterclaim.

18. BroadVoice renews its objection and repeats its response to paragraph 16 of Broadvox's Counterclaim.

19. BroadVoice admits that it received a letter dated April 18, 2005 from a person purporting to represent Broadvox, and further admits that a copy of such letter is attached to the Counterclaim as Exhibit 3, beyond that, the document speaks for itself.

20. BroadVoice admits that it received a letter dated April 19, 2005 from a person again purporting to represent Broadvox, and further admits that a copy of such letter is attached to the Counterclaim as Exhibit 4, beyond that, the document speaks for itself.

21. BroadVoice denies that it "failed to respond" to the earlier-referenced letters and states that it filed the present lawsuit and also filed a Petition for Cancellation of U.S. trademark registration no. 2,940,100 for the trademark BROADVOX before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office.

22. BroadVoice states that paragraph 22 of the Counterclaim constitutes a legal conclusion to which no response is required.

23. BroadVoice admits that it filed the Complaint in the above-captioned matter; BroadVoice denies that the Complaint contains the concession alleged by Broadvox in paragraph 23 of the Counterclaim, and further states that the Complaint speaks for itself.

24. BroadVoice denies the allegations set forth in paragraph 24 of the Counterclaim.

25. BroadVoice denies the allegations set forth in paragraph 25 of the Counterclaim.

26. BroadVoice denies the allegations set forth in paragraph 26 of the Counterclaim.

27. BroadVoice denies the allegations set forth in paragraph 27 of the Counterclaim.

28. BroadVoice denies the allegations set forth in paragraph 28 of the Counterclaim.

29. BroadVoice denies the allegations set forth in paragraph 29 of the Counterclaim.

### Count I

30. Paragraph 30 of the Counterclaim does not require an answer.

31. BroadVoice denies the allegations set forth in paragraph 31 of the Counterclaim.

32. BroadVoice lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Counterclaim, and therefore denies same.

33. BroadVoice denies the allegations set forth in paragraph 33 of the Counterclaim.

34. BroadVoice denies the allegations set forth in paragraph 34 of the Counterclaim.

35. BroadVoice denies the allegations set forth in paragraph 35 of the Counterclaim.

36. BroadVoice denies the allegations set forth in paragraph 36 of the Counterclaim.

37. BroadVoice denies the allegations set forth in paragraph 37 of the Counterclaim.

38. BroadVoice denies the allegations set forth in paragraph 38 of the Counterclaim.

39. BroadVoice denies the allegations set forth in Paragraph 39 of the Counterclaim.

40. BroadVoice denies the allegations set forth in paragraph 40 of the Counterclaim.

41. BroadVoice denies the allegations set forth in paragraph 41 of the Counterclaim.

## Count II

42. Paragraph 42 of the Counterclaim does not require an answer.

43. BroadVoice denies the allegations set forth in paragraph 43 of the Counterclaim.

44. BroadVoice denies the allegations set forth in paragraph 44 of the Counterclaim.

45. BroadVoice admits that it will continue all lawful use of the BROADVOICE mark, but denies that its past or present use is infringing, and further denies that such use should be restrained and enjoined as alleged in paragraph 45 of the Counterclaim.

46. BroadVoice denies the allegations set forth in paragraph 46 of the Counterclaim.

47. BroadVoice denies the allegations set forth in paragraph 47 of the Counterclaim.

### Count III

48.     Paragraph 48 of the Counterclaim does not require an answer.

49.     BroadVoice denies the allegations set forth in paragraph 49 of the Counterclaim.

50.     BroadVoice denies the allegations set forth in paragraph 50 of the Counterclaim.

### GENERAL DENIAL

BroadVoice generally denies each and every remaining allegation contained in the Counterclaim which has not been previously admitted, denied or answered. BroadVoice specifically denies that Broadvox is entitled to the requested relief.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Each of counts I-III of the Counterclaim fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

Laches bars the claims alleged by Broadvox against BroadVoice.

#### THIRD AFFIRMATIVE DEFENSE

The doctrine of waiver and/or estoppel bars Broadvox's claims against BroadVoice.

#### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in Broadvox's Counterclaim are barred by the doctrine of acquiescence.

#### FIFTH AFFIRMATIVE DEFENSE

To the extent Broadvox has suffered damage, any and all such damage was a direct and proximate result of Broadvox's own fault and conduct.

SIXTH AFFIRMATIVE DEFENSE

Broadvox's claims must fail because of its unfair and deceptive trade practices.

SEVENTH AFFIRMATIVE DEFENSE

Broadvox's claims must fail because Broadvox's claims are barred by the doctrine of unclean hands. By reason thereof, Broadvox is not entitled to any relief.

EIGHTH AFFIRMATIVE DEFENSE

Broadvox's claims must fail because BroadVoice possesses a valid license to use the disputed mark or, in the alternative, owns all right, title and interest in the disputed mark.

WHEREFORE, BroadVoice prays that the Counterclaim be dismissed with prejudice with respect to all counts, that judgment in favor of BroadVoice and against Broadvox be entered, and that BroadVoice recover its costs and reasonable attorneys fees incurred herein.

Respectfully submitted,

BroadVoice, Inc.
By its attorneys

DATE: March 2, 2007

/s/ Robert N. Feldman
BIRNBAUM & GODKIN, LLP
Robert N. Feldman (BBO#630734)
280 Summer Street
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101

BOSTON LAW GROUP, LLP
Sean C. Ploen (BBO # 641279)
20 Park Plaza, Suite 637
Boston, Massachusetts 02116
(617) 426-6800

**CERTIFICATE OF SERVICE**

    I, Robert N. Feldman, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2007.

                                            /s/ Robert N. Feldman
                                            Robert N. Feldman